**John T. DUNLOP, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**ALHAMBRA NURSERY & ACCREDITED KINDERGARTEN, INC., a corporation, and Sophia J. Bock, Individually and formerly doing business as Alhambra Nursery & Accredited Kindergarten, Defendants.**

**John T. DUNLOP, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**ROSEMONT, INC., a corporation, doing business as Four Seasons Nursery and Kindergarten, Defendant.**

**Nos. Civ. 74–259 Phx. WPC, Civ. 74–570 Phx. WPC.**

United States District Court, D. Arizona.

March 3, 1976.

Mildred L. Wheeler, U. S. Dept. of Labor, San Francisco, Cal., for plaintiff.

Thayer C. Lindauer, Phoenix, Ariz., for defendants.

## OPINION AND ORDER

COPPLE, District Judge.

The Department of Labor (hereinafter the Department) instituted the instant actions against Alhambra Nursery and Accredited Kindergarten (hereinafter Alhambra) and Four Seasons Nursery and Kindergarten (hereinafter Four Seasons). The Department contends that both defendants are in violation of 29 U.S.C. § 201 *et seq.*, for failure to observe the minimum wage and overtime provisions of the Fair Labor Standards Act (hereinafter the Act).

Defendants were granted separate non-jury trials. All parties are in agreement that the sole question for this Court is whether either or both of the defendants come within the definition of "a preschool" as set forth in 29 U.S.C. § 203(r)(1). That section reads:

(1) in connection with the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit), or . . ..

The evidence was substantially undisputed and there is no dispute as to any material fact that requires resolution by the Court.

Defendants operate what are essentially custodial day care centers for young children of working mothers. The children involved in the programs for the most part range in age from a few months to six years. In addition Alhambra had four students in the period 1973–75 who were of the first to third grade level. Each school in addition to its provision of recreation periods (T.V. and games) provided basic games and instruction periods which introduced the children to both word and math skills and concepts. Neither defendant was certified by the State of Arizona as a Kindergarten or, in Alhambra's case, as an elementary school.[1] The Department does not contend, nor did it offer proof that these schools are in any way regulated by the State of Arizona. The Department does contend, however, that the educational nature of the instruction brings the defendants within the meaning of "a preschool" under the Act.

■ The Department justifies its position by citing to the Court its own publication, *Preschools Under the Fair Labor Standards Act* (W. H. Publication 1364, Revised 1975) (a copy of which is on file herein). While in certain circumstances the administrative opinion of the Department should be given great weight, the ultimate determination of the meaning of "a preschool" as found within the Act rests with this Court. *See, Federal Trade Commission v. Texaco, Inc.,* 393 U.S. 223, 89 S.Ct. 429, 21 L.Ed.2d 394 (1968).

■ In the instant case the Court is of the opinion that the Department's views are not supported by any record either before the committees of the Congress holding hearings on this amendment or in the final reports of the House and Senate.[2] Absent a clearly defined legislative history, the Court will look to the statute itself for the proper construction. *See, Citizens to Preserve Overton Park Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

■ A reading of any term in a statute should be done by reference to other terms employed in the same act in order to interpret its meaning and scope. *Cf. Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Prior to the amendment in question the relevant portion of the Act read:

(1) in connection with the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, an elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit), or . . . .

When Congress amended the Act it did so in the following manner:[3]

(3) Section 3(s)(4) of such Act (29 U.S.C. 203(s)(4))[77] is amended by deleting "an elementary or secondary school" and inserting in lieu thereof "a preschool, elementary or secondary school".

In the House Report on this amendment to the Act the following language was used:[4]

*Section 1009* amends section 3(r)(1) of the Fair Labor Standards Act of

---

1. Even if the Department had offered proof as to the certification of the elementary school aspects of the Alhambra operation, it did not provide the Court with any information upon which to judge the separate wages due and owing arising from that aspect of the school's operation.

2. *See,* 2 U.S.Code Cong. & Admin.News 1972 at p. 2462.

3. *See,* 1 U.S.Code Cong. & Admin.News 1972 at p. 447.

4. *See,* 2 U.S.Code Cong. & Admin.News 1972 at p. 2567.

1938, relating to the definition of the term "enterprise" for the purposes of the Act, by adding "preschool" to the existing listing of "an elementary or secondary school" as types of activities performed for business purposes.

 It is clear to this Court from the above outlined legislative history that the term "a preschool" is to be interpreted in the context of the Congressional definitional scheme for elementary and secondary schools. These terms are defined in the Act as follows:[5]

(v) "Elementary school" means a day or residential school which provides elementary education, as determined under State law.

(w) "Secondary school" means a day or residential school which provides secondary education, as determined under State law.

There is no separate Congressional definition of "a preschool" within the Act.

The Department contends that the term "a preschool" does not have the same qualifying restrictions as the definition of an elementary or secondary school. The Department's position in these suits is that the nature of the instruction given mandates the defendants' inclusion under the term "a preschool". This Court, based upon the legislative history outlined above, disagrees. In the Court's opinion "a preschool" is an institution certified or recognized as such under state law. It is clear that Congress in amending the Act viewed "a preschool" as part of the educational continuum. Seen in this light it becomes clear that if the term is to have any meaning the definitional scheme of the Act as applied to elementary and secondary schools should be utilized.

This interpretation has also been applied in two unreported decisions of other District Courts. *See, Brennan v. Thompson* (Civ. S74–59) (S.D.Miss. December 9, 1974); *Brennan v. Myers* (Civ. 74–85) (W.D.Okla. October 30, 1974). In the instant case the Department has presented no evidence to this Court upon which it could reach the conclusion that the defendants are certified preschools under state law. However, what the evidence does indicate is that the defendants were primarily engaged in the provision of day care services for infants of working mothers.

The foregoing shall constitute findings of fact and conclusions of law.

IT IS ORDERED:

That plaintiff in these cases shall take nothing by his complaints and the Clerk shall forthwith enter judgment accordingly for defendants in each case.