584 F.2d 319
 23 Wage & Hour Cas. (BN 1216, 84 Lab.Cas. P 33,724
 F. Ray MARSHALL, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
ROSEMONT, INC., a corporation, doing business as Four
Seasons Nursery and Kindergarten, Defendant-Appellee.
F. Ray MARSHALL, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
ALHAMBRA NURSERY & ACCREDITED KINDERGARTEN, INC., a
corporation, and Sophia J. Bock, Individually and
formerly doing business as Alhambra
Nursery & Accredited
Kindergarten,
Defendants-Appellees.
 Nos. 76-2386, 76-2487.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 17, 1978.
 
 Sue Ann Wolff, Atty. (argued), Dept. of Justice, Washington, D. C., for plaintiff-appellant.
 Thayer C. Lindauer, Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before KILKENNY and TRASK, Circuit Judges, and HAUK,* District Judge.
 TRASK, Circuit Judge.
 
 
 1
 The two actions here on appeal were brought against Rosemont, Inc. (Rosemont) and Alhambra Nursery & Accredited Kindergarten, Inc. (Alhambra) under section 17 of the Fair Labor Standards Act as amended[1] to enjoin the defendants and now appellees from violating the minimum wage and overtime provisions of the Act and to require the defendants and appellees to pay back wages to certain employees. This court ordered consolidation of the two cases for purposes of briefing and oral argument. It was stipulated below that defendants-appellees are subject to the Act if they operate a "preschool" within the meaning of section 3(s)(4)[2] (now 3(s)(5)) of the Act and that if they are so subject, they are also in violation of its provisions. The district court held separate trials without a jury, finding that neither defendants operated a "preschool" within the meaning of the Act and dismissed the complaints. 409 F.Supp. 309 (D.Ariz.1976). The Secretary of Labor appeals.
 
 
 2
 In both institutions the enrolled children range from kindergarten age down to infancy. Appellant's brief states that they are divided generally as follows:
 
 
 3
 "Of the roughly 75 children at Four Seasons, about 18 to 24 are of kindergarten age (4 1/2 to 5 1/2 years old), about 30 are prekindergarten children (3 1/2 to 4 1/2 years old), about 14-15 are toddlers, and 10 are infants." Brief for Appellant at 4.
 
 
 4
 In Alhambra, out of the 35 to 55 children in regular attendance, the division of children ran much the same.
 
 
 5
 "In Alhambra, . . . four are in the first to third grades of elementary school, an average of nine are of kindergarten age, and the rest are prekindergarten children, toddlers, and infants." Brief for Appellant at 5.
 
 
 6
 While the Congress in enacting the legislation defined the meaning of the terms "elementary" and "secondary" schools, it left the definition of "preschool" undefined. Literally, it could apply from babes in arms to the first classification to be defined thereafter. The trial court interpreted the failure of Congress to speak further on the subject as a license or direction for the court to fill the void. This is also consistent with the imprecise generalization adopted by the Act:
 
 
 7
 "(v) 'Elementary school' means a day or residential school which provides elementary education, as determined under State law.
 
 
 8
 "(w) 'Secondary school' means a day or residential school which provides secondary education as determined under State law."[3]
 
 
 9
 In this particular regard, the Wage and Hour Administrator has given what appellants refer to as an "informational statement" as to the meaning of the term "preschool," as set forth in the United States Department of Labor Publication No. 1364 as follows:
 
 
 10
 "The term 'preschool' includes any establishment or institution which accepts for enrollment children of preschool age for purposes of providing custodial, educational, or developmental services designed to prepare the children for school in the years before they enter the elementary school grades. This includes day care centers, nursery schools, kindergartens, head start programs and any similar facility primarily engaged in the care and protection of preschool children." (WH Publication 1364, pp. 1-2; R.R. 51-52; A.R. 59-60.)
 
 
 11
 The trial court notes, as do we, that while the administrative opinions of the Department of Labor (Department) are entitled to great weight under some circumstances, Doyon, Ltd. v. Bristol Bay Native Corp., 569 F.2d 491, 496 (9th Cir. 1978), there is no conclusive mystique in its informal publications which could be substituted for an Act of Congress. Patagonia Corp. v. Board of Governors of Federal Reserve System, 517 F.2d 803, 812 (9th Cir. 1975). Here, the responsibility in interpretation requires an examination of the language of the Congress itself, or the record made on hearing where Congress has not spoken, or by an enactment or a definition authorized by official regulation.
 
 
 12
 We note that in the legislation a "preschool" is an institution of some kind which is a part of the school system. Subsection (5) develops the particular type of institutions within the plan. Of "schools" it lists schools for "handicapped or gifted children"; it then proceeds to "a preschool, elementary or secondary school, or an institution of higher education." Under subsection 203(v) and (w), Supra, it particularizes the meaning of "elementary school" and "secondary school" as meaning those places of learning which provide an "elementary" or a "secondary education," both "as determined by State law." Nothing further defines "preschool" in the Act itself and we find no definition of the term under state law. Neither do we find any "state law" which more clearly defines "preschool" as a part of the school system of the state. Finally, our attention has not been directed to any definition of "preschool" in any regulation by the Department or releases from the Department. We agree with the trial court that if the term is to have any meaning it must be by the Act itself, regulations enacted under the Act, or descriptions under state law. Given no help by any of the legislative bodies, I. e., Congress, regulations enacted under the authority of Congress or by state law, the court must make its own decision. It therefore held separate hearings on both cases.
 
 
 13
 The trials developed that in the trial court's view of the appellees' operations, these are organizations essentially custodial in nature. They are in no way regulated by the State of Arizona as being a part of the state's school system. The Department's position, however, is that a "preschool" need not be certified or recognized as such under state law. The trial court found that the record failed to disclose that the views of the Department were supported by the record made in the House or the Senate. The trial court therefore found:
 
 
 14
 "In the instant case the Department has presented no evidence to this Court upon which it could reach the conclusion that the defendants are certified preschools under state law. However, what the evidence does indicate is that the defendants were primarily engaged in the provision of day care services for infants of working mothers.
 
 
 15
 "The foregoing shall constitute findings of fact and conclusions of law." 409 F.Supp. at 312.
 
 
 16
 The district court thereupon ordered that the plaintiff in these two cases take nothing by this complaint and that judgment be accordingly entered for each of the two defendants.
 
 
 17
 We AFFIRM.
 
 
 
 *
 Honorable A. Andrew Hauk, United States District Judge, for the Central District of California, sitting by designation
 
 
 [1]
 Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended; 29 U.S.C. § 201 Et seq
 
 
 [2]
 In pertinent part section 3(s)(5) provides as follows:
 "(s) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which
 "(5) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); . . ."
 
 
 [3]
 29 U.S.C. § 203(v), (w)