UNITED STATES of America, DEPART-
MENT OF LABOR, EMPLOYMENT
STANDARDS ADMINISTRATION
WAGE AND HOUR DIVISION, Defend-
ant-Appellant,

v.

Jackie ELLEDGE, d/b/a Young Sooners
Day Care Center, Plaintiff-Appellee.

No. 79–1164.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 26, 1979.

Decided Jan. 21, 1980.

David N. Adair, Jr., Kansas City, Mo. (Carin Ann Clauss, Sol. of Labor, James E. White, Regional Sol., Dallas, Tex., Donald S. Shire, Associate Sol., and Lois G. Williams, U. S. Dept. of Labor, Washington, D.C., with him on brief), for defendant-appellant.

George H. Ramey, Yukon, Okl., for plaintiff-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is whether an enterprise operated by plaintiff-appellee Elledge is a preschool within the coverage of the Fair Labor Standards Act, FLSA, 29 U.S.C. § 203(s)(5). Elledge sought, in a declaratory judgment action, a ruling that she did not operate a preschool. The Secretary of Labor answered that the FLSA applied and counterclaimed for enforcement. The parties stipulated that, if the enterprise were a preschool, plaintiff had violated FLSA. The trial court held that the enterprise was not a preschool and, hence, was beyond FLSA coverage. We reverse.

Plaintiff operates the "Young Sooners Day Care Center" (the Center), in Yukon, Oklahoma. It is open from 6:00 a. m. to 6:00 p. m., Monday through Friday and accepts children ranging in age from infancy to 12 years, with 62% being three to five years. Children are accepted on a regular, occasional, or drop-in basis and charges are for weekly, daily, or hourly periods. Most of the children are brought to the facility by working parents.

The Center is in a one-story building located within a fenced yard. One room is

used as an office and another contains kitchen facilities. The other rooms are equipped with cribs, cots, tables, chairs, pictures, television, and a great variety of toys, books, and games. Playground equipment is in the yard. The Center posts a schedule of activities, generally designating time periods for breakfast, morning activities, lunch, naps, snacks, and outdoor play. Occasionally children are taken on field trips. Children of school age are transported from the Center to their school and back. The plaintiff employs no certified teachers at the Center and has no written lesson plans, achievement records or progress reports.

Section 203(s)(5), 29 U.S.C., defines "enterprises" as including:

"a hospital, an institution primarily engaged in the care of the sick, * * * a school for mentally or physically handicapped or gifted children, a preschool, elementary, or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit) * * *."

The word "preschool" was added in 1972 by the following amendment, P.L. 92–318, Sec. 906(b)(2), (3), 86 Stat. 375:

"Section 3(s)(4) of such Act (29 U.S.C. 203(s)(4)) is amended by deleting 'an elementary or secondary school' and inserting in lieu thereof 'a preschool, elementary or secondary school.'"

P.L. 92–318 contains the 1972 amendments to various acts pertaining to education. 86 Stat. 235 et seq.

We find no legislative history of any help or significance. Apparently the only reference is in H.R. 92–1085, 92nd Cong. 2d Sess., 2 U.S.Cong. & Admin.News 1972, pp. 2462, 2567, which says:

"*Section 1009* amends section 3(r)(1) of the Fair Labor Standards Act of 1938, relating to the definition of the term 'enterprise' for the purposes of the Act, by adding 'preschool' to the existing listing of 'an elementary or secondary school' as types of activities performed for business purposes."

The change in § 203(r)(1) is the same as that in § 203(s)(5), the provision which is here pertinent.

The 1972 amendments did not change the definitions of elementary and secondary schools found in § 203(v) and (w) which read:

"(v) 'Elementary school' means a day or residential school which provides elementary education, as determined under State law.

(w) 'Secondary school' means a day or residential school which provides secondary education, as determined under State law."

The Center is licensed by Oklahoma as a day care center which is defined as a "facility which provides care and protection of six or more children for a part of the twenty-four hour day." 10 O.S. § 402(d). The statute excludes from the definition "nursery schools, kindergartens, or other facilities of which the purpose is primarily educational, recreational, or medical treatment." Id. The State Board of Education is authorized to regulate the accreditation of "all public nursery, kindergarten, elementary and secondary schools in the state," 70 O.S. § 3–104(10). Accreditation of private schools may be made on application. 70 O.S. § 21–101. Plaintiff's Center is not accredited.

*Marshall v. Rosemont, Inc.*, 9 Cir., 584 F.2d 319, considered whether certain Arizona enterprises were preschools within the meaning of § 203(s)(5). The court recognized the trial court's finding that the operators "were primarily engaged in the provision of day care services for infants of working mothers," Id. at 321, said that the operations were "essentially custodial in nature," and were not regulated by Arizona as part of its school system. Id. The court held that the activities were not preschools and that FLSA did not apply.

In applying and following the Ninth Circuit, the trial court found that the Center was "essentially custodial in nature", was not certified by the Oklahoma Board of

Education as a preschool, and was "primarily engaged in the provision of day care services for infants of working mothers."

■ We are not impressed by the reference in the Ninth Circuit decision, and in that of the trial court, to state law. Oklahoma law does not define or regulate preschools as such. In *McComb v. Farmers Reservoir & Irrigation Co.*, 10 Cir., 167 F.2d 911, 915, modified and affirmed, 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672, we said that FLSA "is not expanded to include some employees and limited to exclude others engaged in the same work, depending upon local statutory or judicial concepts." This principle controls unless Congress makes state law applicable. The statute before us specifically refers to state law as determinative of "elementary" and "secondary" schools. Congress treated preschools differently by not referring to state law as determinative.

■ The plaintiff and the trial court emphasize the difference between custodial and educational purposes. The statute does not make the distinction. Section 203(s)(5) lists hospitals, institutions for the care of the sick, the aged, the mentally ill or defective. This list is followed by reference to a school for the handicapped, and "a preschool, elementary or secondary school." Thus the section covers both custodial and educational operations. On the record presented a preschool is both custodial and educational. The fact that it is both does not relieve it of its FLSA responsibilities.

■ Because the statute does not define "preschool," and because of the absence of legislative history, "it is appropriate for the court to interpret the word in accordance with its ordinary, everyday meaning." *United States v. State of New Mexico*, 10 Cir., 536 F.2d 1324, 1327–1328. In Webster's New International Dictionary, 2nd Ed., "preschool" used as a noun is defined as "a kindergarten or nursery school where children of preschool age, sometimes in age groups, are entered for observation and social and educational training." "School" is defined in several ways, including "an insti-

tution for teaching children" or "any place or means of learning or discipline." "Kindergarten" is defined as:

"A school for young children conducted on the theory that education should be begun by gratifying and cultivating the normal aptitude for exercise, play, observation, imitation, and construction, and emphasizing the necessity of social training."

Dr. Frances Stromberg, an expert in child development, testified for the government and emphasized the opportunities for learning in a facility such as the Center. She said that children learn from exposure to books, art, and music and from interaction with other children and with adults from outside the family. They acquire language and social skills. Their learning process cannot be formalized because of limited attention spans. Dr. Stromberg defined "preschool" as a facility in which several children unrelated are supervised by adults and in which there are opportunities for learning. Dr. Stromberg said that the term "preschool" produces confusion and professional discontent because it simply means "before school" but that professional consensus recognizes that institutions for the care of preschool aged children are generally educational in nature because they provide appropriate learning opportunities for preschool age children in a group setting with adult supervision.

Shortly after the appearance of "preschool" in the 1972 amendments, the Wage and Hour Administrator issued the following statement, U. S. Dept. of Labor Pub. No. 1364:

"The term 'preschool' includes any establishment or institution which accepts for enrollment children of preschool age for purposes of providing custodial, educational, or developmental services designed to prepare the children for school in the years before they enter the elementary school grades. This includes day care centers, nursery schools, kindergartens, head start programs and any similar facility primarily engaged in the care and protection of preschool children."

This interpretation has been repeated. See e. g. Opinion Letter No. WH–294 of October 24, 1974 (WH Manual 91: 1197; CH Wage-Hour Administrative Rulings ¶ 30,953), which says:

"[I]t is the Wage and Hour Division's position that kindergartens, nursery schools, day care centers, and other pre-schools provide some elements of basic education * * *. This is supported by research findings on the growth and development of young children that indicate a critical foundation for intelligence and personality is laid during the first six years of life."

The Administrator's interpretation of "preschool" complies with dictionary definition of the term and follows expert opinion. It is sufficiently reasonable to require acceptance by a reviewing court. *Train v. Natural Resources Defense Council, Inc.*, 421 U.S. 60, 75, 95 S.Ct. 1470, 43 L.Ed. 731. The record in the instant case shows that the Center provides both custody and education. Application of FLSA may not be avoided by the assertion of primary emphasis on custody and the rejection of the undenied learning opportunities afforded to the children.

"The [Fair Labor Standards] Act was passed for humanitarian and remedial purposes." *Hodgson v. University Club ·Tower, Inc.*, 10 Cir., 466 F.2d 745, 746. The Act must be liberally construed "to apply to the furthest reaches consistent with congressional direction." *Mitchell v. Lubin, McGaughy & Associates*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243. "[B]readth of coverage is vital to [the Act's] mission." *Powell v. United States Cartridge Co.*, 339 U.S. 497, 516, 70 S.Ct. 755, 766, 94 L.Ed. 1017. We are convinced that the plaintiff's enterprise is a preschool within the meaning and intent of the 1972 amendments and is subject to the FLSA requirements.

Reversed and remanded for further proceedings in the light of this opinion.