**Bertha SMITH, Plaintiff,**

v.

**FRIENDS OF CHILDREN OF MISSISSIPPI, INC., Defendant.**

Civ. A. No. E84–0147(L).

United States District Court, S.D. Mississippi, E.D.

May 31, 1985.

---

Louie M. Bishop, Quitman, Miss., for plaintiff.

Fred L. Banks, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the defendant's motion for reconsideration of order overruling motion for summary judgment, and the court, having considered the motion with additional submissions, is of the opinion that the defendant's motion for summary judgment should be granted.

The plaintiff was employed in 1983 as a teacher's aide by the defendant, Friends of Children of Mississippi, Inc. (FCM). Her duties required her to serve as a bus monitor on alternate weeks for thirteen hours and forty-five minutes over her paid work time for ten weeks. Plaintiff was paid at the rate of $4.03 per hour for seventy hours every two weeks, although she worked thirty-five hours one week and approximately 48.75 hours in the succeeding week while performing her bus monitoring duties. She claims a right for payment of actual regular and overtime compensation allegedly owed for the ten week period plus reasonable attorney's fees under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. The basis of the plaintiff's claim is that, during the alternate weeks in which she worked fourteen hours and for-ty-five minutes overtime, she should have been paid her regular wage of $4.03 per hour for forty hours and overtime computed at time and one-half for all hours in excess of forty hours in accordance with the applicable provisions of the FLSA, 29 U.S.C. §§ 206, 207.

FCM is a non-profit corporation operating a Headstart program funded by the Department of Health and Human Services. Headstart programs were originally funded by the Office of Equal Opportunity under the Economic Opportunity Act of 1964, 42 U.S.C. §§ 2701 et seq. The section of the Economic Opportunity Act on which the defendant relies, 42 U.S.C. § 2951(a), was subsequently repealed but reenacted in nearly identical language at 42 U.S.C. § 9848, Subchapter II of Chapter 105, Community Services Programs, 42 U.S.C. §§ 9801 et seq. 42 U.S.C. § 9848 provides:

> The Secretary shall take such action as may be necessary to assure that persons employed in carrying out programs financed under this subchapter shall not receive compensation at a rate which is (1) in excess of the average rate of compensation paid in the area where the program is carried out to a substantial number of the persons providing substantially comparable services, or in excess of the average rate of compensation paid to a substantial number of the persons providing substantially comparable services in the area of the person's immediately preceding employment, whichever is higher; or (2) less than the minimum wage rate prescribed in section 206(a)(1) of Title 29.

*Id.* In 1972, the Fifth Circuit, construing 42 U.S.C. § 2951(a), held that Job Corps employees were not covered by the overtime provisions of the FLSA, 29 U.S.C. §§ 201 et seq., since the provisions of that Act and the Economic Opportunity Act, which governs the Job Corps program, were incompatible. The Fifth Circuit stated:

> We are convinced that in the case of Job Corps advisers there *are* instances 'where compliance with one Act makes it

impossible to comply with the other.' That impossibility stems from the fact that EOA 610-1(a)(1) [or 42 U.S.C. § 2951(a)] sets a maximum 'rate of compensation' or salary at a level equal only to that prevailing in the area for similar work or equal to that prevailing in the area from which the applicant was employed immediately prior to his or her Job Corps service. It is clear from the plaintiff advisers' request in this case that a strict compliance with Section 7 of the Fair Labor Standards Act (the overtime provisions) would violate our understanding of EOA 610-1(a)(1). Under these circumstances we are compelled to conclude that EOA 610-1 is the sole controlling provision for Job Corps compensatory standards.

*Bowman v. Texas Educational Foundation, Inc.,* 454 F.2d 1097, 1102 (5th Cir. 1972). As stated previously, the statute in question in this case, 42 U.S.C. § 9848, is nearly identical to 42 U.S.C. § 2951(a), and both the Job Corps Program and Project Headstart were governed by the Economic Opportunity Act.

The plaintiff argues that the *Bowman* decision is no longer controlling because of the enactment of amendments to the FLSA subsequent to the 1972 Fifth Circuit decision. Those amendments expressly designate that a "preschool" is an "enterprise" subject to the provisions of the FLSA. 29 U.S.C. § 203(r)(1); 29 U.S.C. § 203(s)(4). The plaintiff cites a Tenth Circuit opinion, *United States Department of Labor v. Elledge,* 614 F.2d 247 (10th Cir.1980), in further support of her contention that a Headstart program is a "preschool" covered by the FLSA. In that case, the Tenth Circuit held that a center which accepted children ranging in age from infancy to twelve years; contained rooms equipped with cribs, cots, television, toys, books and games; designated time periods for breakfast, lunch, naps and outdoor play; and transported the children to school from the center to their school and back to the center was a "preschool" such that the provisions of the FLSA applied. *Id.* at 251. In reaching the decision, the court noted an

administrative opinion of the Department of Labor defining a "preschool" as:

> any establishment or institution which accepts for enrollment children of preschool age for purposes of providing custodial, educational, or developmental services designed to prepare the children for school in the years before they enter the elementary school grades. This includes day care centers, nursery schools, kindergartens, *head start programs* and any similar facility primarily engaged in the care and protection of preschool children. (emphasis added).

*Id.* at 250.

The Department of Labor urged the adoption of this opinion in a lawsuit against two corporations engaged in providing day care services for infants of working mothers, charging the corporations with violations of the minimum wage and overtime provisions of the FLSA. *Dunlop v. Alhambra Nursery & Accred. Kindergarten,* 409 F.Supp. 309 (D.Ariz.1976), *aff'd sub nom., Marshall v. Rosemont, Inc.,* 584 F.2d 319 (9th Cir.1978). The sole issue before the district court was whether the centers operated by the corporations were "preschools" under the FLSA. The court noted that, while the Department of Labor's opinion should be accorded substantial deference in certain circumstances, where the Department's views were not supported by a record before the committees of Congress which held hearings on the amendment or in the final House and Senate reports, resort to the statute itself was proper. 409 F.Supp. at 311. The court then quoted from the House Report amending the Act as follows:

> *Section 1009* amends section 3(r)(1) of the Fair Labor Standards Act of 1938, relating to the definition of the term 'enterprise' for the purposes of the Act, by adding 'preschool' to the existing listing of 'an elementary or secondary school' as types of activities performed for business purposes.

409 F.Supp. at 311–12. An 'elementary school', as defined by the Act, is "a day or residential school which provides elementa-

ry education, as determined under State law." 29 U.S.C. § 203(v). A "secondary school" is defined as "a day or residential school which provides secondary education, as determined under State law." 29 U.S.C. § 203(w). As the district court stated, the Act failed to provide a separate definition of the term "preschool". Interpreting the definitions of "elementary school" and "secondary school", the district court concluded that a "preschool", like a "secondary" or "elementary school", must be an institution certified or recognized under state law. 409 F.Supp. at 312. Since the nursery and kindergarten centers operated by the defendant corporations were not shown to be certified under state law, the court concluded that they were not "preschools" according to the FLSA and, consequently, employees of the corporations were not covered by the minimum wage and overtime provisions of the FLSA. *Id.* On appeal, the Ninth Circuit affirmed, rejecting the Department of Labor's contention that a "preschool" need not be certified or recognized under state law. 584 F.2d at 321.

 Since the Headstart program is not certified or regulated by the Mississippi Department of Education, the court concludes that the defendant is not operating a "preschool" within the provisions of the FLSA and that the plaintiff is not entitled to the requested relief.[1] The court is further of the opinion that the terminology used in 42 U.S.C. § 9848 is incompatible with the provisions of the FLSA in accordance with *Bowman v. Texas Educational Foundation, Inc.,* 454 F.2d 1097. As the Fifth Circuit reasoned in that case:

> Congress took some pain to include Section 6 of the Fair Labor Standards Act specifically within the provision of the *minimum* wage rate acceptable under the Economic Opportunity Act, but did not include specifically Section 7 of the Fair Labor Standards Act within the provisions regarding *maximum* rates of compensation under the Economic Opportunity Act. It appears to this court that if Congress had intended the maximum payments prescribed by 610–1(a)(1) to be hourly wage rates as set forth in Section 7 of the Fair Labor Standards Act, it would have been a rather simple matter and an obvious parallelism to set that fact out *in haec verba* in the statute, as was specifically done with regard to the minimum in 610–1(a)(2). (emphasis original)

*Id.* at 1100–01. Since 42 U.S.C. § 9848 tracks the language of the Economic Opportunity Act of 1964 § 610–1(a), as amended at 42 U.S.C. § 2951(a), construed in *Bowman,* the court concludes that the Fifth Circuit *Bowman* decision is controlling even though 42 U.S.C. § 2951(a) has been repealed. 42 U.S.C. § 9848 was enacted in 1981, nine years after the rendition of the *Bowman* decision. If Congress had intended that Headstart programs be required to provide overtime compensation, it seems that Congress would not have reenacted 42 U.S.C. § 9848 with terminology nearly identical to that used in 42 U.S.C. § 2951(a).

For the reasons stated above, the court concludes that the defendant's motion for summary judgment should be granted. A separate judgment shall be submitted in accordance with the local rules.

---

1. As stated previously, the plaintiff seeks not only overtime compensation but also payment at $4.03 per hour for hours she worked up to forty hours per week while performing her bus monitoring duties. The court concludes that she is entitled only to compensation for all hours worked at a rate not less than the minimum wage rate of $3.35 per hour up to that amount received by persons providing "substantially comparable services". 42 U.S.C. § 9848. The evidence before the court is that all employees of the defendant were paid $4.03 per hour for seventy hours every two weeks, satisfying the "substantially comparable services" limitation. The plaintiff received, at this pay rate, $282.10 every two weeks. This amount slightly exceeds the $280.56 required by 42 U.S.C. § 9848. Therefore, the plaintiff is not entitled to compensation for regular-time hours worked while performing her bus monitoring duties in excess of thirty-five hours.